IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP CHARLES KELLOTAT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO.  05-031-GPM |
| ) | |
| R. DAVIS, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence.

The case now is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief.

Petitioner challenges various aspects of his criminal conviction in the United States District Court for the District of Oregon.  *See United States v. Kellotat*, Case No. 93-CR-195 (D. Ore., filed June 23, 1993), *aff'd*, 97 F.3d 309 (9th Cir. 1995).  He acknowledges that he previously filed a

§ 2255 petition in that court, which was denied. *See Kellotat v. United States*, Case No. 97-CV-606-RE (D. Ore., filed April 21, 1997), *aff'd*, 162 F.3d 1170 (1998).[1]

The basis for the instant petition is that "[t]here are issues in Petitioner's § 2255 proceedings that were misunderstood or never ruled up" and that he "has been denied Access to the Courts when attempting to point out the problem." He asserts that this action is not intended to be a second or successive § 2255 petition, and that he is currently being held on an illegal sentence.

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Occasionally, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. The fact that the district or circuit court erred in considering his § 2255 motion does not mean, however, that § 2255 cannot provide an adequate or effective means by which to challenge his conviction or sentence. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). Likewise, the fact that Petitioner has not been, or may not be, granted leave to file a second or successive petition under § 2255 does not implicate the unavailability of § 2255.

---

[1] Petitioner neglects to mention that he also filed a challenge to his sentence under the All Writs Act, 28 U.S.C. § 1651, but that petition was also denied. *See Kellotat v. United States*, Case No. 01-CV-1553-RE (D. Ore., filed Oct. 23, 2001).

Therefore, Petitioner is not entitled to the relief sought, and this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  08/11/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
